FRANCISCO SÁNCHEZ MARINA, Plaintiff and Appellant, v. CONSUELO DE JESÚS ET AL., Defendants and Appellees.

No. 4641. Argued February 26, 1929.—Decided July 9, 1929.

*E. Campos del Toro* and *A. Barceló Jr.* for the appellant. *C. del Toro Fernández* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Francisco Sánchez, a divorced husband, brought this action against his divorced wife, Consuelo de Jesús, and Marcos A. Sacarello to annul a marriage contracted by defendants within 301 days after the date of the divorce. As a second cause of action plaintiff alleged, among other things, that he had never received the notice of the decree of divorce sent him by mail and that the said notice had been returned to the secretary of the district court by the postal authorities.

The court below sustained a demurrer for want of facts sufficient to constitute a cause of action, and upon refusal of plaintiff to amend, dismissed the action.

Section 2 of an Act to amend sections 92, 123, 227, and 299 of the Code of Civil Procedure, Laws of 1911, p. 226, reads as follows:

"Section 2.—In all cases in which an appeal may be taken as provided in Section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

The losing party or his attorney is not obliged to rely upon a perfunctory performance of the duty thus imposed upon the secretary. If he elects to depend upon the secretary and upon the post office and does not attempt to ascertain the result of a trial, he can not complain if the statutory notice be not received through the regular channel. All that the law requires of the secretary is that he shall send the notice by mail and file a copy thereof. The time within which an

appeal may be taken begins to run from the date of the filing of such notice, not from the date upon which it is received by the losing party.

The district judge also held that the complaint does not state facts sufficient to constitute a cause of action because it does not contain an averment that the divorced wife was with child. We do not find any satisfactory basis for this conclusion either in the statute or in *Cintrón* v. *Román,* 36 P.R.R. 437, cited in support of the ruling. The reason for the statutory ban is to be found in the possibility that a widow or a divorced woman may be enceinte, not in the fact to be alleged and established by evidence at the trial. Within a certain period the possibility is always present. To hold that a plaintiff must allege and prove the fact would tend to defeat the purpose of the statute. The elimination of the possibility should be left to the course of time, where the statute leaves it, unless negatived by the answer and dissipated by evidence which the defendant alone can produce.

Appellees have moved to dismiss the appeal upon the ground that the question involved has become academic. The motion overlooks the fact that circumstances as well as time are required to validate the marriage. In the absence of a satisfactory showing that the divorced wife did not give birth to a child within 301 days after obtaining her divorce, the marriage contracted before the expiration of that period remains potentially void or voidable.

A marriage certificate which shows that a second ceremony was performed after the lapse of the statutory period does not alter the situation. It is the marriage contracted within ten months after the date of the divorce, not the subsequent ceremony which plaintiff herein seeks to annul. The question involved is probably academic as suggested by appellees, but in the absence of a satisfactory showing or of any admission on the part of appellant we can not assume that such is the fact.

The motion to dismiss will be denied, the judgment appealed from reversed and the case remanded for further proceedings not inconsistent herewith.